Filed 2/17/16  In re Cow Creek Water Rights CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| In re COW CREEK WATER RIGHTS. | C073564 |
| --- | --- |
| GEORGE MCARTHUR, | (Super. Ct. No. 38577) |
| Plaintiff and Appellant, | |
| v. | |
| CLYDE GRECO et al., | |
| Defendants and Respondents. | |

Plaintiff George McArthur sought to amend a judicial decree so that it would allow him to transfer his water rights to third parties.  The trial court denied his request.  After the trial court issued its order, the Legislature enacted a statute that could provide

1

plaintiff the authority he seeks. We reverse and remand this matter so the trial court may reconsider its ruling in light of the recent statute.

The California Water Code provides a procedure whereby a court may declare the rights of various claimants to water from a stream system. (Wat. Code, § 2500 et seq.) This procedure, known as a statutory adjudication, authorizes the State Water Resources Control Board (the Board) to investigate and determine a group of claimants' rights to water in a particular stream system. Following its investigation, the Board enters an order determining the claimants' rights to the water, and it files the order with the superior court for summary judicial proceedings. In turn, the superior court, after a hearing, enters a decree determining the claimants' water rights.[1]

In 1969, the Shasta County Superior Court entered a decree establishing claimants' rights to water from the Cow Creek stream system (the Decree). The Decree allocates the amount of water parties to the Decree may receive from Cow Creek and designates the locations where parties may use their allocated water. The Decree also defines the specific purposes to which parties may use their allocated water.

---

[1]	Our Supreme Court defined the process as follows: "Under provisions for a statutory adjudication of water rights (Wat. Code, § 2500 et seq.), the Board may determine 'all rights to water of a stream system whether based upon appropriation, riparian right, or other basis of right' (Wat. Code, § 2501). The proceeding is initiated by a petition of one or more claimants to the stream system's water. If the Board finds that the public interest and necessity will be served by such a determination, it enters an order granting the petition. (Wat. Code, § 2525.) There ensues an investigation, notice, filing of proof of claims, and a hearing for contests of proof of claims. (Wat. Code, §§ 2550, 2575, 2600, 2650.) Following the hearing, the Board enters an 'order determining and establishing the several rights to the water of the stream system.' (Wat. Code, § 2700.) A certified copy of the order is 'filed with the clerk of the superior court of the county in which the stream system or some part thereof is situated.' (Wat. Code, § 2750.) The superior court then holds a hearing (Wat. Code, § 2751) and enters 'a decree determining the right of all persons involved in the proceeding.' (Wat. Code, § 2768.)" (*In re Water of Hallett Creek Stream System* (1988) 44 Cal.3d 448, 454, fn. 1.)

The Decree imposes limits on the parties' ability to divert their water. Paragraph 30 of the Decree perpetually enjoins and restrains parties and their successors from diverting any Cow Creek water "in excess of a quantity reasonably necessary for, and actually applied to, reasonable beneficial use, under and by reasonable methods of diversion and use, and from doing anything, directly or indirectly, that will obstruct or interfere with any right of another adjudged and decreed herein." Paragraph 31 of the Decree deems the Decree "conclusive" as to the rights of all parties subject to the Decree.

The Shasta County Superior Court retains continuing jurisdiction to review and modify the Decree upon the parties' request or the court's own motion "as the interests of justice may require."

Plaintiff McArthur is a successor in interest to a party to the Decree. For several years, he worked with various water agencies to transfer, either on a short-term or long-term basis, some or all of his water rights under the Decree. The state Department of Water Resources (the Department) allegedly informed him it would not approve any transfer of his rights absent a modification to the Decree. The Department interpreted the Decree to limit the use of Cow Creek water to specifically indentified acreages as set forth in the Decree.

In 2012, McArthur filed a motion to modify the Decree. He brought the motion "to modify the [Decree] to permit petitioner to transfer all or a portion of his water rights under the Decree and in accordance with California law." He did not seek approval of any specific or proposed transfer.

On January 23, 2013, the trial court denied the motion without prejudice. The court acknowledged the state's strong policy favoring the alienability of water rights. (See Wat. Code, §§ 109, 475.) However, it found McArthur had failed to demonstrate that modifying the Decree was in the interests of justice.

Later in 2013, the Legislature amended Water Code section 1740 (section 1740) to authorize the transfer of all water rights established by a statutory adjudication, such as

3

the Decree.  Originally enacted in 1988, section 1740 authorized water rights established by statutory adjudication to be transferable only if they were decreed after January 1, 1981.  (Stats. 1988, ch. 1145, § 3 (Assem. Bill No. 982) p. 3678.)  Effective January 1, 2014, the statute now authorizes all water rights established by statutory adjudication to be transferred.  The statute reads:  "Any water right determined under a court decree issued pursuant to Chapter 3 (commencing with Section 2500) of Part 3 *shall be transferable* pursuant to this chapter [Chapter 10.5 commencing with Section 1725] and Chapter 10 (commencing with Section 1700).  The court having the appropriate jurisdiction over the decreed rights may enter a supplemental decree modifying any rights involved upon motion of the board or any party with a vested water right."  (Wat. Code, § 1740, italics added.)

The referenced chapters of the Water Code, chapters 10 and 10.5, provide administrative processes whereby the Board may approve specific transfers after investigating the proposals, providing notice to interested parties, and providing opportunities for a hearing.  Before approving a proposed transfer under either process, the Board must find the proposed transfer will not injure any legal use of the water system.  (Wat. Code, §§ 1702, 1725, 1736.)

Obviously, the trial court did not have occasion to consider amended section 1740 when it heard plaintiff's motion to amend the Decree.  The amended statute may grant plaintiff the right he sought with his motion, but arguments as to whether the statute would retroactively apply to a final judicial decree issued in 1969, and whether the statute would supersede express limitations in the decree, have not been presented to us.  We thus reverse the trial court's order and remand the matter for the court to consider plaintiff's motion in light of amended section 1740.

4

DISPOSITION

The order is reversed and the matter is remanded for further consideration consistent with this opinion.  Costs on appeal are awarded to plaintiff.  (Cal. Rules of Court, rule 8.278(a).)

      NICHOLSON     , Acting P. J.

We concur:

      MAURO        , J.

      MURRAY      , J.